IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD JOHNSON, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1074 |
| | § | |
| BRAD LIVINGSTON, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Ronald Johnson, a state parolee, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court felony conviction. (Docket Entry No.1). Respondent has filed a motion for summary judgment (Docket Entry No.5), to which petitioner has filed a response in opposition. (Docket Entry No.14). For the reasons to follow, the Court will grant respondent's motion for summary judgment and deny petitioner federal habeas relief.

I.     PROCEDURAL HISTORY

On November 16, 1998,[1] petitioner entered a guilty plea to possession of a controlled substance with the intent to deliver in the 180th District Court of Harris County, Texas in cause number 778,983. The state district court accepted his plea, found petitioner guilty as charged and assessed punishment at twenty-five years confinement in TDCJ-CID. (Docket Entry No.1). On direct appeal, the Fourteenth Court of Appeals for the State of Texas reversed the lower court's judgment in a published opinion. *Johnson v. State*, 47 S.W.3d 701 (Tex. App.–Houston [14th Dist.] 2001). The State filed a petition for discretionary review, which the Texas Court of Criminal Appeals granted on December 19, 2001. On September 11, 2002, the Texas Court of Criminal

---

[1] Petitioner indicates that he was convicted in October, 1998, but state court records reflect that he was convicted on November 16, 1998. *Johnson v. State*, No.14-99-6-CR, Clerk's Record, Volume 1, page 29.

Appeals reversed the judgment of the intermediate state appellate court and dismissed the appeal for want of a valid notice of appeal. *Johnson v. State*, 84 S.W.3d 658 (Tex. Crim. App. 2002).

On November 21, 2002, petitioner filed a state habeas corpus application, seeking to file an out-of-time appeal on the ground that ineffective assistance of counsel denied him a meaningful appeal. *Ex parte Johnson*, Application No.52,952-04, page 2. On December 10, 2003, the Texas Court of Criminal Appeals granted the application, in part, with respect to petitioner's request to file an out-of-time notice of appeal, and dismissed the application, in part, with respect to his remaining claims. *Id.* at cover; *see also Ex parte Johnson*, No.74843, 2003 WL 22909099 (Tex. Crim. App. 2003).

On December 29, 2003, petitioner filed an out-of-time appeal, seeking relief on the ground that the state district court erred in denying his motion to suppress. Texas Court website,[2] *Johnson v. State*, No.14-04-0032-CR, Appellant's Original Brief. The Fourteenth Court of Appeals affirmed the lower court's judgment of conviction on August 18, 2005. *Johnson v. State*, 171 S.W.3d 643 (Tex. App.–Houston [14th Dist.] 2005). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review on January 25, 2006. *Johnson v. State*, PDR No.1632-05.

Petitioner filed his petition for a federal writ of habeas corpus in this Court in March, 2006. Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320 (1997). In the pending petition, petitioner seeks federal habeas relief on the following grounds:

   1.   The Texas Court of Criminal Appeals' application of a new procedural rule deprived him of an appeal, in violation of the *Ex Post Facto* Clause of the United States Constitution;

---

[2] www.14thcoa.courts.state.tx.us/opinions/case.asp?FilingID=85493

    2.      The state district court admitted evidence that was unlawfully obtained through an illegal search and arrest, and;

    3.      Petitioner was subjected to a warrantless search of his home and arrested without justification.

(Docket Entry No.1).

Respondent moves for summary judgment on the following grounds:

    1.      Petitioner failed to exhaust his claim regarding the application of the new procedural rule and he is now procedurally barred from raising such claim in state court; and,

    2.      Petitioner's Fourth Amendment illegal search and seizure claims are barred from review by this Court.

(Docket Entry No.5).

## II.    STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh*

*v. Murphy*, 521 U.S. 320 (1997).  The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).  Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000).  In this case, petitioner presented claims in a petition for discretionary review.  Therefore, only those claims properly raised by petitioner in the petition for discretionary review have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d

77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

III.  ANALYSIS

A.  *Ex Post Facto* Claim

Respondent contends that petitioner failed to exhaust his *Ex Post Facto* claim because he failed to present it to the Texas Court of Criminal Appeals in his state habeas application. (Docket Entry No.5). Respondent further contends this Court is precluded from considering the unexhausted claim because it is procedurally barred. (*Id.*).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. *Coleman v. Thompson*, 501 U.S. 722 (1991). Those statutes provide in pertinent part, as follows:

- (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B)(I)  there is an absence of available State corrective process; or

6

>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c). Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court. *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Petitioner alleges in the pending petition that the Texas Court of Criminal Appeals applied a new rule of appellate procedure retroactively to his case in *Johnson v. State*, 84 S.W.3d 658 (Tex. Crim. App. 2002), thereby, violating the *Ex Post Facto* Clause of the Constitution. (Docket Entry No.1). Petitioner did not raise this claim in his state habeas application. It follows then, that petitioner has presented unexhausted claims in this federal habeas petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims. *Rose v. Lundy*, 455 U.S. 509 (1982). Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law. (Docket Entry No.5).

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the state court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

(1)   the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or

(2)   by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner complains in his response that "there was no available state corrective process" to challenge the opinion in *Johnson v. State*, 84 S.W.3d 658 (Tex. Crim. App. 2002) on the ground that such opinion violates the *Ex Post Facto* clause of the Constitution. (Docket Entry No.14). Petitioner contends that had he raised such claim in his state habeas application, the State would have argued that he was attempting to re-litigate an issue that had been decided on direct appeal. (*Id.*).

Under Texas law, "issues raised and rejected on direct appeal are generally not cognizable on habeas corpus." *Ex parte Hood*, 211 S.W.3d 767, 776 (Tex. Crim. App. 2007), petition for *cert*.

8

filed (U.S. Apr. 10, 2007) (No.06-1065).³ In this case, petitioner did not argue the *Ex Post Facto* issue on direct appeal. *See Johnson v. State*, PDR No.0956-01, Appellant's Petition for Discretionary Review. Therefore, the Texas courts did not reject such claim on direct appeal. Consequently, it is unlikely that had he raised such claim in his state habeas application, the Texas courts would have rejected the claim on the ground that the issue had been decided on direct appeal. The fact that the State might argue that the claim is procedurally defaulted or that the claim might prove unsuccessful does not show the lack of a corrective measure by which to challenge the Texas Court's decision. Petitioner fails to show that he could not have raised such challenge in his state habeas application. Moreover, he does not allege specific facts that would establish his innocence. For these reasons, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *Coleman*, 501 U.S. at 735 n.1. Such a bar precludes this Court from reviewing petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

On the other hand, the AEDPA exhaustion requirement may be excused when seeking a remedy in state court would be futile. *Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999). The futility exception applies when the highest state court has recently decided the same legal question adversely to the petitioner. *Id.* The federal claim must be the "substantial equivalent of the claim brought before the State court. *Id.* Such is not the case here.

In this case, the Texas Court of Criminal Appeals determined that the state's intermediate court of appeals had no jurisdiction to review a claim under the "substantial compliance" rule for perfecting an appeal as set forth in *Riley v. State*, 825 S.W.2d 699 (Tex. Crim. App. 1992), upon

---

³ "An exception to that rule occurs when there is a change in a legal principle relevant to the applicant's claim, and that legal principle would apply retroactively to cases on habeas corpus." *Ex parte Hood*, 211 S.W.3d 767, 776 (Tex. Crim. App. 2007), petition for *cert.* filed, (U.S. Apr. 10, 2007) (No.06-1065).

which petitioner relied in perfecting his appeal. *Johnson v. State*, 84 S.W.3d 658 (Tex. Crim. App. 2002). The *Ex Post Facto* Clause issue, upon which petitioner seeks relief in the pending federal petition, is not the substantial equivalent of the claim presented to the state courts on direct appeal; therefore, petitioner fails to show that the futility exception to the exhaustion requirement is applicable in this case.

Even if petitioner had exhausted such claim in state court, he would not be entitled to federal habeas relief. The *Ex Post Facto* Clause, "by its own terms, is a limitation on legislative powers and does not apply to the courts." *U.S. v. Reinhart*, 442 F.3d 857, 864 (5th Cir.) (citing *Rogers v. Tennessee*, 532 U.S. 451, 460 (2001)), *cert. denied*, 127 S.Ct. 131 (2006). Accordingly, petitioner's claim is without legal merit.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner, however, fails to address the default, the cause of the default, or prejudice resulting from the default in his response to the motion for summary judgment. (Docket Entry No.14). Accordingly, the Court will dismiss *Ex Post Facto* claim as procedurally barred.

B.  Fourth Amendment Claims

Petitioner contends that neither probable cause nor exigent circumstances existed to justify the warrantless search of his home or his arrest. (Docket Entry No.1). Respondent contends the Court is precluded from granting petitioner relief on these Fourth Amendment claims because he received a full and fair hearing on the claim in state court. (Docket Entry No.5).

"[A] federal court may not, under § 2254, consider a claim that evidence from an

10

unconstitutional search was introduced at a state prisoner's trial if the prisoner had 'an opportunity for full and fair litigation of [the] claim in the state courts.'" *Reed v. Farley*, 512 U.S. 339, 347 (1994) (quoting *Stone v. Powell*, 428 U.S. 465, 469 (1976)). When facts are in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. *O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977). The opportunity to present a Fourth Amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes an opportunity under *Stone* absent an allegation that the state process is "routinely or systematically applied in such a way as to prevent the actual litigation of "[F]ourth [A]mendment claims on their merits." *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1990).

The record reflects that before entering his guilty plea, petitioner litigated his Fourth Amendment claims by motion and at a suppression hearing before the state district court. After hearing evidence and argument, the state district judge denied his motion. *Johnson v. State*, No.14-04-00032-CR, Reporter's Record, Motion to Suppress, Vol. II, page 5. Petitioner challenged the denial of his motion to suppress on direct appeal. The Fourteenth Court of Appeals for the State of Texas found the state district court did not abuse its discretion in denying his motion to suppress because the search of his property was reasonable and supported by probable cause. *Johnson v. State*, No.14-04-00032-CR (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd). The Texas Court of Criminal Appeals refused petitioner's petition for discretionary review.

In his objection to the motion for summary judgment, petitioner argues that he did not receive a fair opportunity to litigate his Fourth Amendment claim on direct appeal. (Docket Entry No.14). Petitioner complains the Fourteenth Court of Appeals unfairly retreated from its original finding of no probable cause in its Opinion issued on April 26, 2001, when it issued a new opinion on August

11

18, 2005.[4] *Johnson v. State*, 171 S.W.3d 643, 650 (Tex. App.–Houston [14th Dist.], 2005, pet. ref'd). Because petitioner's Fourth Amendment claims received consideration by the fact-finding court, and a meaningful appellate review by the Fourteenth Court of Appeals for the State of Texas, the Court finds that petitioner has fully litigated his Fourth Amendment claim in state court. Therefore, this Court is without authority to consider the claim. Accordingly, respondent is entitled to summary judgment on petitioner's Fourth Amendment claims as a matter of law.

III.     CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[4] In the Majority Opinion, the Fourteenth Court of Appeals found that the law enforcement officers had no probable cause justifying entry into petitioner's home and the state district court, therefore, erred in denying his motion to suppress. (Docket Entry No.14); *see Johnson v. State*, 47 S.W.3d 701 (Tex. App.–Houston [14th Dist.] 2001), *rev'd,* 84 S.W.3d 658 (Tex. Crim. App. 2002). In its Opinion entered August 18, 2005, the Fourteenth Court of Appeals found the law enforcement officers had probable cause to believe petitioner was committing a criminal offense. *Johnson v. State*, 171 S.W.3d 643, 650 (Tex. App.–Houston [14th Dist.], 2005, pet. ref'd). The Fourteenth Court further reasoned that because petitioner's contentions regarding exigent circumstances and improper invasion of the curtilage rested entirely on petitioner's contention that the officers lacked probable cause, which the court found to exist, such contentions failed to show that the denial of his motion to suppress was improper. *Id.*

of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be denied.

IV.     CONCLUSION

Accordingly, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.5) is GRANTED. Petitioner's petition for writ of habeas corpus is DENIED.

2. This cause of action is DISMISSED, with prejudice

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.


Signed at Houston, Texas, on this 11th day of July, 2007.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE